_[signature]_

CITIZEN'S NATIONAL BANK OF
WILLMAR, Respondent,

v.

Douglas W. TAYLOR, Appellant.

No. CX–85–1966.

Court of Appeals of Minnesota.

May 20, 1986.

L. Wayne Larson, Hulstrand, Anderson, Larson & Boylan, Willmar, for respondent.

Douglas W. Taylor, pro se.

Considered and decided by HUSPENI, P.J., and LESLIE and CRIPPEN, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant Douglas Taylor made a motion for a new trial after the trial court issued an order on remand. The trial court denied the motion and Taylor appeals. We affirm.

## FACTS

The facts of this case are described in detail in *Citizen's National Bank of Willmar v. Taylor*, 368 N.W.2d 913 (Minn. 1985). In summary, Taylor executed three promissory notes with respondent Citizen's National Bank of Willmar (the Bank) in 1980. In 1981, after Taylor had failed to make the required payments on the notes, the Bank changed the interest rate on the notes from 15% to 22½%. Subsequently, the Bank brought this action to enforce the notes. The trial court found Taylor liable on the notes according to their original tenor.

On appeal, the Minnesota Supreme Court held that the trial court erred in interpreting the intent requirement for a usury violation and it concluded that the Bank had committed usury. *Taylor*, 368 N.W.2d at 919. The supreme court remanded "to the trial court for adjustment of the amount of the judgment to reflect the statutory penalty for usury." *Id.* at 920.

On remand, the trial court issued an order dated July 24, 1985, which reduced the amount of the bank's judgment, costs and disbursements. On August 14, 1985, Taylor made a motion for a new trial in an attempt to attack the July 24 order. That motion was denied as untimely and lacking in substantive merit on September 16, 1985. Taylor appeals from the September 16 order.[1]

## ISSUE

Did the trial court err in denying appellant's motion seeking post-trial relief?

## ANALYSIS

Our review in this case is limited to new matters raised by the trial court's order on remand. *See Dennis Frandsen & Co. v. County of Kanabec*, 306 N.W.2d 566 (Minn.1981). Thus, the only issue properly before us for review is whether the trial court accurately adjusted the judgment to reflect the statutory penalty for usury.

Our review of the trial court's calculations reveals that it erroneously overestimated the usury penalty and, as a result, the judgment was reduced by an amount greater than what it should have been. Thus, contrary to Taylor's claim, the error actually benefited him. The Bank did not file a notice of review to challenge the trial court's calculations. *See* Minn.R.Civ. App.P. 106. Therefore, we will not disturb the calculations because the error is harmless with respect to Taylor.

Taylor asserts many other claims in support of his position that he is entitled to relief from the judgment. After reviewing the record, we conclude that all of Taylor's claims are either meritless or were (or should have been) raised in his original appeal of this case.

## DECISION

The trial court did not err in denying Taylor's motion for post-trial relief.

Affirmed.

---

1. The trial court was without authority to grant a new trial upon remand. Taylor's August 14 motion was improper as is his attempt to appeal from the September 16 order. He should have had an amended judgment entered following the July 24 order and appealed from that amended judgment. Nevertheless, the Bank did not raise the appealability issue and both parties have briefed the substantive issues. In the interests of judicial economy, we address the merits of this appeal.